IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHNNY KIRKLAND                                                                              PLAINTIFF

v.                                                                    CIVIL NO. 1:17-cv135-HSO-JCG

HUNTINGTON INGALLS INCORPORATED                                                DEFENDANT

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT HUNTINGTON INGALLS INCORPORATED'S
MOTION FOR SUMMARY JUDGMENT [50] AND DENYING
AS MOOT DEFENDANT'S MOTION TO DISMISS [48]**

This matter is before the Court on Defendant Huntington Ingalls Incorporated's Motion to Dismiss [48] or in the alternative Motion for Summary Judgment [50]. This Motion is fully briefed. After review of the Motions, the Response, the related pleadings, the record, and relevant legal authority, the Court finds that Defendant Huntington Ingalls Incorporated's Motion for Summary Judgment [50] should be granted and Plaintiff Johnny Kirkland's claims should be dismissed. Defendant's Motion to Dismiss [48] should be denied as moot.

I. BACKGROUND

A.   Facts and procedural history

Construing the relevant facts in the light most favorable to the nonmoving party, in either 1971 or 1978, Plaintiff Johnny Kirkland ("Kirkland") was hired by Defendant Huntington Ingalls Incorporated ("Ingalls"). Employee Separation Certificate [6-1] at 4. According to Ingalls, the actual last workday of Kirkland's employment was September 18, 1978, and he was released from employment on

September 25, 1978, based upon a designation of "CODE 32-PROBATIONARY RELEASE-MISSING TIME." *Id.*

Invoking federal question jurisdiction, Kirkland filed a pro se Complaint [1] in this Court on May 2, 2017, naming as Defendants Ingalls Shipyard, John (sic) Manville, and Fibre Board. Plaintiff asserts that while he was employed at Ingalls Shipyard, he was exposed to asbestos which resulted in "his illness" in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Compl. [1] at 1-5. Kirkland seeks damages in the amount of "2.8 MILLION." *Id.* at 4.

After the Magistrate Judge entered an Order [4] requiring additional information on the issue of subject-matter jurisdiction, Kirkland filed a Response [6] contending that Defendants acted under color of state and federal law while causing his damages. Resp. [6] at 1-5. Kirkland alleges that Ingalls Shipyard was his employer, while John (sic) Manville and Fibre Board were suppliers, and that Defendants violated his Fourteenth Amendment rights by "failing to protect my safety and health from harmful chemicals" that were sold by John (sic) Manville and Fibre Board to Ingalls Shipyard. *Id.* Kirkland asserts that his

> rights under the Eighth Amendment was (sic) violated by hollowing (sic) at me, and threatening to fire me if I didn't do what he told me to do, and by working me under age.

*Id.* at 5. Kirkland states that he began working at Ingalls Shipyard in 1971 at the age of 13, although he stated on his application that he was 18. *Id.* at 4. Kirkland

worked as a third class laborer, which included cleaning up, painting, cleaning insulation, grinding rust off tanks, cleaning out chemical tanks, and pipe fitting, all in the bottom of ships without any safety gear. *Id*.

Based upon the Exhibits [6-1] attached to Plaintiff's Response [6] to the Magistrate Judge's Order, the Magistrate Judge directed the Clerk of Court to "alter the docket to reflect that Defendants' proper names are: The Ingalls Shipbuilding Corporation, Johns Manville, and Fibreboard Corporation." Order [7] at 1.

Kirkland next filed an Amended Complaint [22], without leave of Court, on October 4, 2017, naming additional Defendants but dismissing Johns Manville.[1] Am. Compl. [22] at 1-9. Kirkland states, in pertinent part, that he worked at age 13 as a laborer in the "27th Department" painting, cleaning up, carrying out insulation in the trash, sand blasting, and rust grinding. *Id*. at 6. Kirkland further asserts that, in addition to the illness he suffers from asbestos exposure, he experienced chemical burns on his skin and hearing loss due to the loud noise at the shipyard and due to a piece of "hot steel" that flew into his ear. *Id*. at 6-7. Kirkland seeks damages in the amount of "5 or TEN BILLION DOLLARS," and claims that his

---

[1] The Magistrate Judge later entered another Order [57] which corrected the docket to reflect that Defendant Huntington Ingalls Incorporated ("Ingalls") was that Defendant's proper corporate name. The Court has also entered Orders [30] [35] granting Kirkland's subsequent Motions to Dismiss [29] [31] [32] all Defendants other than Ingalls. Thus, Ingalls is the sole remaining Defendant in this case.

3

father worked at Ingalls and was exposed to asbestos, which somehow contributed to Plaintiff's illness. *Id.*

On December 4, 2017, Kirkland filed a Second Amended Complaint [36] which was stricken from the record by the Magistrate Judge for noncompliance with Federal Rule of Civil Procedure 15. Order [38]. Kirkland then filed a Motion to Amend Pleadings [46] on February 2, 2018, apparently seeking to supplement his Amended Complaint with an allegation that Ingalls failed to screen his employment application, or it would have discovered that he was a minor and that he had used his cousin's Social Security number to obtain employment. The Court granted this Motion [46] as unopposed.

B.  <u>Ingalls' Motion to Dismiss [48] or, alternatively, its Motion for Summary Judgment [50]</u>[2]

Ingalls has filed a Motion to Dismiss pursuant to Federal Rule Civil Procedure 12(b)(1) and 12(b)(6), Mot. to Dismiss [48], or, alternatively, for Summary Judgment, Mot. Summ. J. [50]. Specifically, Ingalls contends that Kirkland's

> claims are within the exclusive jurisdiction of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. 901 *et seq.* (LHWCA) and are barred by the exclusive remedy provision of § 905(a) of that Act. In the alternative, to the extent Plaintiff's claims are not preempted by the LHWCA, his claims fail to state a claim upon which relief can be granted because they are implausible and/or time barred by § 15-1-49(1) of the Mississippi Code.

---

[2] Uniform Local Rule 7 states that a motion, a response in opposition, and a reply in support may be filed by the parties. In the present case, the parties have also filed a number of additional pleadings. Without addressing the legitimacy of these other pleadings, the Court has reviewed them all and determined that the arguments they contain would not alter the conclusions reached here.

4

Mot. to Dismiss [48] at 1; Mot. for Summ. J. [50] at 1. In support of its Motions, Ingalls attaches the Affidavit of Steve Pierce ("Pierce"), Manager-Risk Management of Northrop Grumman Shipbuilding, Inc., which avers that while Kirkland was employed there in 1978, Ingalls maintained workers' compensation coverage under both the Mississippi Workers' Compensation Act and the LHWCA.[3] In addition, Ingalls required all of its subcontractors to carry workers' compensation coverage. Pierce Affs. [48-1] at 1; [50-1] at 1.

In response, Kirkland admits that Ingalls is "covered under the LHWCA" but argues for the first time that, in addition to any claims that fall within the purview of the LHWCA, he is also "suing Huntington Ingalls Incorporation (sic) under the Dual Capacity Doctrine for strict liability in tort, breach of duty, negligence, punitive damages, and illegal underage working," citing Mississippi Code § 71-1-17. Mem. in Opp'n [63] at 1-5. Kirkland also posits that his claims are not barred "according to § 15-1-49(2) of the Mississippi Code," and that the LHWCA would not want anything to do with Ingalls "hiring underage children and exposing them to asbestos." Resp. in Opp'n [62] at 1-2.

---

[3] According to the Affidavit, Ingalls' coverage was provided "through American Mutual Insurance Company from 1941 to at least 1983 under various types of workers' compensation plans." Ingalls also required its subcontractors to carry workers' compensation insurance during this entire time period. Pierce Affs. [48-1] at 1; [50-1] at 1. Thus, taking as true Kirkland's allegation that he worked at Ingalls in 1971, any claims related to his 1971 employment were covered by workers' compensation insurance.

5

Ingalls replies that to the extent Kirkland's claims are not preempted by the LHWCA, they are barred by the three-year statute of limitations found at Mississippi Code § 15-1-49(1). Ingalls maintains that although Kirkland is asserting for the first time in his Response that his injuries were latent, such that they fall within the exception set forth at Mississippi Code § 15-1-49(2), Kirkland has failed to come forward with relevant material evidence to support such a contention. Reply [65] at 1-5.

## II. DISCUSSION

A. Relevant legal standards

1. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) permits a party to challenge the subject-matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Subject-matter jurisdiction may be determined on the basis of: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* The burden of proof on a Rule 12(b)(1) motion rests with the party seeking to invoke the Court's jurisdiction. *Id.* (citation omitted). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule (12)(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* (citation omitted). Because Kirkland has alleged that Ingalls violated his federal

constitutional rights, the Court finds that it has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

In considering a motion to dismiss under Rule 12(b)(6), a court accepts "all well-pleaded facts as true" and views them in the light most favorable to the plaintiff. *Firefighters' Ret. Sys. v. Grant Thornton, LLP*, 894 F.3d 665, 669 (5th Cir. 2018) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"[T]he mere presence of additional issues in the record" does not require a court to treat a motion to dismiss pursuant to Rule 12(b)(6) as one for summary judgment. *Britton v. Seale*, 81 F.3d 602, 605 n.1 (5th Cir. 1996) (citation omitted). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted). Federal Rule of Civil Procedure 12(d) provides, however, that "on a motion under Rule 12(b)(6) or 12(c), when matters outside the pleadings are presented to and not excluded by the court, the

7

motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).

Based on the foregoing authority and the nature of the attachments to the Motion to Dismiss, the Court is of the view that it should consider Ingalls' arguments under the summary judgment standard, rendering its Motion to Dismiss moot.

2. Motion for Summary Judgment

"Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see* Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, a court "view[s] the evidence and draw[s] reasonable inferences in the light most favorable to the nonmoving party." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015) (quoting *Cox*, 755 F.3d at 233); *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).

Before it can determine that there is no genuine issue for trial, a court must be satisfied that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.

1994) (en banc); *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990) (the nonmovant must set forth specific facts to contradict the specific facts set forth by the movant, general averments are not sufficient).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC&R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). An actual controversy exists "when both parties have submitted evidence of contradictory facts." *Salazar-Limon v. Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quotation omitted).

B.  <u>Ingalls' Motion for Summary Judgment</u>

After review of the Motion, the Response, the record as a whole, and relevant legal authority, the Court is of the opinion that Ingalls has carried its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Kirkland concedes that a portion of his claims against Ingalls fall within the purview of the LHWCA. Mem. in Opp'n [63] at 2. To the extent Kirkland's pleadings could be construed to assert any additional tort claims that may somehow fall outside the purview of the LHWCA, the Court

agrees with Ingalls that those claims would be barred by the three-year statute of limitations found at Mississippi Code § 15-1-49(1).

1. <u>The LHWCA</u>

"The LHWCA provides a cause of action for injuries sustained by a broad range of land-based maritime workers." *Becker v. Tidewater, Inc.*, 335 F.3d 376, 387 (5th Cir. 2003) (citing *Chandris, Inc. v. Latsis*, 515 U.S. 347, 356 (1995)). "The LHWCA provides a no-fault workers' compensation scheme against a worker's employer for the death or disability of anyone engaged in maritime employment to receive medical costs, 33 U.S.C. § 907(a), prejudgment interest, *id.* § 905, and two-thirds of the worker's salary for as long as the disability persists, *id.* § 908(a)." *Id.* Succinctly stated,

> LHWCA guarantees workers' compensation for qualified beneficiaries . . . who are injured while assisting in the construction of large ships on or near federal navigable waters. Accordingly, a person who receives LHWCA benefits may not sue his employer under state law for any additional compensatory damages related to his on-the-job injury. *See* 33 U.S.C. §§ 905(a), 933(i); *Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811, 818, 121 S. Ct. 1927, 150 L. Ed. 2d 34 (2001) (LHWCA "provides nonseaman maritime workers . . . with no-fault workers' compensation claims" and "expressly pre-empts all other claims.").

*Jowers v. Lincoln Elec. Co.*, 617 F.3d 346, 357 (5th Cir. 2010).

Because it is beyond dispute that Kirkland's claims arise out of his employment with Ingalls in either ship construction or repair, his claims are preempted by the LHWCA, which affords Ingalls immunity from the allegations

raised by Kirkland in this matter. Kirkland's claims should be dismissed pursuant to the LHWCA.

    2.    <u>Mississippi's catchall three-year statute of limitations</u>

Giving Kirkland every benefit of the doubt, to the extent his pleadings could be construed to advance any state law claims not subject to the provisions of the LHWCA, such claims are barred by the relevant statute of limitations.

In Mississippi, "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." Mississippi Code § 15-1-49(1). Based upon the dates contained in the Employee Separation Certificate [6-1] provided by Kirkland, and giving Kirkland every benefit of the doubt in terms of the dates of his employment, he worked at Ingalls in either 1971 or 1978 for a brief period of time.[4] Resp. [6] at 4; Employee Separation Certificate [6-1] at 4. Taking as true Kirkland's allegation that he was only thirteen years of age when he worked at Ingalls in either 1971 or 1978, the three-year statute of limitations would have started running once he attained the age of twenty-one, either in 1979 or 1986. Mississippi Code § 15-1-59 provides that

> [i]f any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions

---

[4] Kirkland contends that he was hired by Ingalls in 1971, however the date of hire reflected in the Employee Separation Certificate submitted by Kirkland reflects a hire date in 1978. Whether Kirkland was hired by Ingalls in 1971 or 1978, or both, does not change the result here.

11

> within the times in this chapter respectively limited, after his disability shall be removed as provided by law. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

Mississippi Code § 15-1-59 ("Saving in favor of persons under disabilities."). Therefore, the statute of limitations on any state law tort claim expired three years after Kirkland attained the age of twenty-one in either 1979 or 1986, long before he filed his Complaint in 2017.

Although Kirkland raises the issue of a latent injury in his Response [62], he did not plead that he suffered a latent injury. To the contrary, Kirkland stated in his Response that he left work because of breathing problems. Resp. [6] at 2. In his Amended Complaint, Kirkland alleges that while at work he suffered chemical burns on his skin and hearing loss due to loud noise and hot metal flying into his ear. Am. Compl. [22] at 6-7. The record thus supports the conclusion that Kirkland was sufficiently aware of his alleged injuries at the time he left his employment with Ingalls that any cause of action he may be asserting in this case accrued once he reached the age of twenty-one. *See* Mississippi Code § 15-1-49(2) ("In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.").

To the extent any of Kirkland's claims could be construed to fall outside the purview of the LHWCA, they are otherwise barred by Mississippi's catchall three-year statute of limitations. Any such claims should be dismissed with prejudice.

### 3. Kirkland's constitutional claims

Kirkland has been granted permission to proceed *in forma pauperis* in this case pursuant to 28 U.S.C. § 1915. For this reason, even though the parties' briefs do not argue the federal constitutional claims raised by Kirkland in his pleadings, the Court may address them sua sponte.

Where a plaintiff is proceeding *in forma pauperis,* 28 U.S.C. § 1915(e)(2)(B) mandates dismissal "at any time" if the Court determines an action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The United States Supreme Court has held that sua sponte review of an *in forma pauperis* complaint was authorized by Congress to filter out frivolous filings made by a plaintiff who was not required to pay a filing fee and thus "lacks an economic incentive to refrain from filing frivolous, malicious, and repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (holding that a "district court must dismiss a case if it determines, at any time, that the plaintiff has only frivolous claims for relief").

To the extent Kirkland alleges that Ingalls violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution, the proper vehicle for raising such claims is through an action under 42 U.S.C. § 1983, which imposes liability upon any person who, acting under color of state law, deprives

another of federally protected rights. 42 U.S.C. § 1983. Section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the laws of the United States. *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Kirkland has failed to plausibly state a claim that, at the time of his employment, Ingalls was a state actor or that it acted under color of law, as required by § 1983. His allegations of constitutional violations are insufficient to state a claim and should be dismissed with prejudice.

After a thorough review of the record before it, the Court finds that Kirkland has failed to carry his burden of demonstrating that there exists a genuine dispute of material fact for resolution at trial. Ingalls' Motion for Summary Judgment should be granted.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Defendant Huntington Ingalls Incorporated's Motion [50] for Summary Judgment will be granted and Plaintiff Johnny Kirkland's claims will be dismissed. Defendant's Motion to Dismiss [48] will be denied as moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Huntington Ingalls Incorporated's Motion for Summary Judgment [50] is

**GRANTED**, and that Defendant Huntington Ingalls Incorporated's Motion to Dismiss [48] is **DENIED AS MOOT.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Johnny Kirkland's Longshore and Harbor Workers' Compensation Act claims against Defendant Huntington Ingalls Incorporated are **DISMISSED**, and any remaining state law tort claims and the constitutional claims against Defendant are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this Civil Action is **DISMISSED**. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 11th day of September, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE